United States District Court
Southern District of Texas
**ENTERED**
February 09, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN JUANOPULOS, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-01394 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| SALUS CLAIMS | § | |
| MANAGEMENT LLC, | § | |
| *et al*, | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION ON REMAND

The motion by Plaintiff John Juanopulos to remand this action to state court is granted. Dkt 16.

### 1.   Background

Juanopulos owns J&A Paint and Body Shop. He alleges that he is the sole proprietor and its only employee. He purchased an occupational injury benefit plan for his business through Defendant Life Insurance Company of North America (LINA). Dkt 1-3 at ¶ 8. The plan in relevant part provided "certain medical benefits for Covered Employees who sustain an occupational injury." Dkt 22-1 at 3.

Juanopulos alleges that he kept a gun at his office to provide on-premises security. He inadvertently shot himself in the stomach while at work when attempting to remove a stuck bullet. He filed a claim with LINA for medical and disability benefits under his plan. Dkt 1-3 at ¶¶ 9–10.

Defendant Salus Claims Management LLC is a third-party administrator responsible for managing work-related injury benefit claims. Defendant Matt Reiter is a Salus employee. He denied the claim, asserting that using or cleaning a gun wasn't

within the covered scope of employment. Id at ¶ 11. Juanopulos appealed in writing to explain that he carried a gun "for my protection and my employee's protection." Id at ¶ 12 (screenshot of appeal letter). Salus denied the appeal. Id at ¶ 13.

Juanopulos filed suit against LINA, Salus, and Reiter in Texas state court, alleging violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, along with claims for fraud, breach of contract, and breach of the duty of good faith and fair dealing. See generally Dkt 1-3. Salus and Reiter timely removed on assertion that all claims are preempted as exclusively governed by the Employee Retirement Income Security Act of 1974. Dkt 1 at 3–4. Juanopulos moved to remand, arguing that his plan isn't governed by ERISA. Dkt 16.

2.   Legal Standard

A defendant may typically remove any action from state court where "original jurisdiction" also exists in federal court. 28 USC § 1441(a). But a district court must remand the case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 USC § 1447(c).

The removal statute is strictly construed in favor of remand. *Manguno v Prudential Property & Casualty Insurance*, 276 F3d 720, 723 (5th Cir 2002). The removing party bears the burden of showing not only that federal jurisdiction exists, but also that removal was proper. Ibid, citing *De Aguilar v Boeing Co*, 47 F3d 1404, 1408 (5th Cir 1995). This is no easy lift. A presumption exists against subject-matter jurisdiction, which "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996) (citation omitted). The Fifth Circuit holds that any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v Brown & Root, Inc*, 200 F3d 335, 339 (5th Cir 2000). A respected treatise on federal jurisdiction counsels that "issues of fact raised by a motion to remand are for the court alone to decide, with the removing party carrying the burden of proof." Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* § 43 (West 2d ed April 2019 update).

2

The existence of federal subject-matter jurisdiction is determined at the time of removal. See *In re Bissonnet Investments LLC*, 320 F3d 520, 525 (5th Cir 2003), citing *Arnold v Garlock*, 278 F3d 426 434 (5th Cir 2002). This includes consideration of "the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F3d at 723 (citation omitted). Juanopulos here filed an amended complaint after removal. Dkt 17. This was timely as of right under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Even so, only the original complaint will be considered for purposes of remand.

Actions presenting claims arising under federal law are plainly removable. See 28 USC § 1331; see also *Gutierrez v Flores*, 543 F3d 248, 215 (5th Cir 2008). Whether a particular case arises under federal law turns on the *well-pleaded complaint* rule. *PCI Transportation, Inc v Fort Worth & Western Railroad Co*, 418 F3d 535, 543 (5th Cir 2005). By this, federal jurisdiction exists "only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Ibid (citations omitted). No federal question appears on the face of the complaint here, as Juanopulos asserts what appear to be only violations of the Texas Insurance Code and related state-law torts and remedies. Dkt 1-3 at 7–13.

But there is an exception to the well-pleaded complaint rule. A state-law cause of action can be removed where a federal statute wholly displaces the claim through complete preemption. *Beneficial National Bank v Anderson*, 539 US 1, 8 (2003). One such statute is ERISA, codified at 29 USC § 1001 *et seq*. See *Aetna Health Inc v Davila*, 542 US 200, 208 (2004); *McAteer v Silverleaf Resorts, Inc*, 514 F3d 411, 416–17 (5th Cir 2008). Its expansive preemption provisions are "intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health*, 542 US at 208 (citation omitted). Cases presenting claims governed by ERISA are thus removable to federal court for the very reason that state-law claims are preempted. *Cantrell v Briggs & Veselka Co*, 728 F3d 444, 448 (5th Cir 2013).

3.    Analysis

The parties dispute whether ERISA applies to this case. More particularly, they dispute whether the at-issue occupational injury benefit plan is subject to ERISA. If it is, then ERISA may

preempt the asserted causes of action. If it's not, there's no preemption—meaning that subject-matter jurisdiction is lacking, and the case must be remanded.

ERISA was enacted by Congress in relevant part to protect "the interests of participants in employee benefit plans and their beneficiaries." 29 USC § 1001(b). It applies to "any employee benefit plan . . . established or maintained" by (among others) "any employer engaged in commerce." See 29 USC § 1003(a) (coverage). Such plan can be either "an employee welfare benefit plan" or an "employee pension benefit plan" (or both). 29 USC § 1002(3) (definition of *employee benefit plan*). The plan at issue here is, if anything, an employee welfare benefit plan. See 29 USC § 1002(1) (definition of *employee welfare benefit plan*); see also Dkt 22-1.

Some other definitions are necessary. An *employee* is defined in somewhat circular fashion as "any individual employed by an employer." See 29 USC § 1002(6). More important here, a *participant* is defined as any employee or former employee "who is or may become eligible to receive a benefit" from an employee benefit plan as defined above, or "whose beneficiaries may be eligible to receive any such benefit." 29 USC § 1002(7). And a *beneficiary* is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 USC § 1002(8). Properly understood, all participants in ERISA plans are employees, but not all employees must be participants. For example, see *Habets v Waste Management*, 363 F3d 378, 386 (5th Cir 2004); *Nugent v Jesuit High School*, 625 F2d 1285, 1288 (5th Cir 1980) (citations omitted).

The Fifth Circuit has set out three distinct inquiries that courts must resolve to determine whether a particular plan qualifies as an employee welfare benefit plan under ERISA. These are:

- o *First,* whether the plan exists;

- o *Second,* whether it falls within the safe-harbor provision established by the Department of Labor, which pertains to 29 CFR § 2510.3-1(j); and

- o *Third,* whether it satisfies the primary elements of an ERISA "'employee benefit plan'—establishment or

maintenance by an employer intending to benefit employees."

*Meredith v Time Insurance Co*, 980 F2d 352, 355 (5th Cir 1993). The particular plan isn't governed by ERISA if any of these inquiries is answered in the negative. Ibid.

The parties purport to dispute only the last inquiry—whether the subject plan was established or maintained to benefit employees. But their dispute in this regard is in part factual, concerning whether the subject plan covers more than just Juanopulos as an owner—or more precisely, whether it also covers an employee besides him. The Fifth Circuit in *House v American United Life Insurance Company* made clear that a dispute of that nature is better characterized as one pertaining to the first inquiry—whether a plan governed by ERISA even exists. 499 F3d 443, 450 (5th Cir 2007).

However approached here—first inquiry or third—the answer to each is negative. And so this particular plan isn't governed by ERISA.

Generally, with respect to the first inquiry, an ERISA plan "is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Donovan v Dillingham*, 688 F2d 1367, 1373 (11th Cir 1982, *en banc*); see also *Memorial Hospital System v Northbrook Life Insurance Co*, 904 F2d 236, 240–41 (5th Cir 1990) (adopting *Donovan*); *Meredith*, 980 F2d at 355. And an employee welfare benefit plan—being the type of employee benefit plan at issue—"requires (1) a 'plan, fund, or program' (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries." *Donovan*, 688 F2d at 1371, citing 29 USC § 1002(1). It is that last aspect that is mainly disputed here.

The Department of Labor has determined by regulation that "the term 'employee benefit plan' shall not include any plan, fund

or program, other than an apprenticeship or other training program, under which no employees are participants covered under the plan, as defined in paragraph (d) of this section." 29 CFR § 2510.3-3(b). In construing this regulation, the Fifth Circuit specifically holds, "An owner of a business is not considered an 'employee' for purposes of determining the existence of an ERISA plan; in other words, ERISA does not govern a plan whose *only* fully vested beneficiaries are a company's owners." *House*, 499 F3d at 450 (emphasis in original, citation omitted). Other circuits agree with this proposition. For example, see *Slamen v Paul Revere Life Insurance Co*, 166 F3d 1102, 1105 (11th Cir 1999); *In re Watson*, 161 F3d 593, 596–97 (9th Cir 1998); *Securities and Exchange Commission v Johnston*, 143 F3d 260, 262–63 (6th Cir 1998).

Juanopulos squarely alleges in his original complaint that he purchased the subject plan "to protect himself as the owner and sole employee" of his shop "in the event that he suffered an injury on-the-job." Dkt 1-3 at ¶ 8. Juanopulos is thus considered here to be not only the owner and sole employee of J&A Paint and Body Shop, but also the only participant in the subject plan. As such, ERISA doesn't govern it.

Salus and Reiter raise several arguments to the contrary.

*First,* they argue that ERISA governs the subject plan because Juanopulos was a working owner. Dkt 1 at 5. That assertion is entirely contrary to *Meredith v Time Insurance Company.* The Fifth Circuit there dealt with the owner of a small flower and fruit basket company "which she organized as a sole proprietorship, employing herself and, ostensibly, her husband." 980 F2d at 353. And it specifically considered whether she "is both an employer and an employee for the purposes of ERISA" so as to make the plan "an employee welfare benefit plan." Id at 356. In short, no. Id at 356–57. A sole proprietor "is not an employer because she has no employees and plans without employees are, by definition, not regulated by ERISA." Id at 358.

Salus and Reiter also argue on this point that the decision by the Supreme Court in *Raymond B. Yates, MD, PC Profit Sharing Plan v Hendon*, 541 US 1 (2004), abrogated *Meredith*. Dkt 22 at 9. But *Yates* was itself equally clear that plans covering "only sole

owners or partners" fall outside of ERISA's domain. 541 US at 21. And the Fifth Circuit continues to follow *Meredith*, even expressly incorporating the *Yates* holding into its analysis under *Meredith*. See *House*, 499 F3d at 450; see also *Peace v American General Life Insurance Company*, 462 F3d 437, 439 & n 3 (5th Cir 2006). Argument to the contrary isn't tenable.

*Second,* Salus and Reiter argue that ERISA governs the at-issue plan because it covers "an entire class of actual or potential employees, not just Plaintiff." Dkt 22 at 10; Dkt 1 at 5. They further argue that "ERISA applies to all actual or potential plan participants and beneficiaries." Ibid. But they curiously avoid mention (again) of 29 CFR § 2510.3-3(b). It plainly states in part that "the term 'employee benefit plan' *shall not include any plan*, fund or program, other than an apprenticeship or other training program, *under which no employees are participants covered under the plan*." (emphasis added). The Supreme Court holds that courts must interpret and apply 29 USC § 1003(a) in light of this regulation. *Yates*, 541 US at 24. And so, plans covering "only sole owners or partners and their spouses" fall outside ERISA's domain, while "working owners *and* their nonowner employees, on the other hand, fall entirely within ERISA's compass." 541 US at 21 (emphasis in original); see also *House*, 499 F3d at 450; *Meredith*, 980 F2d at 358.

*Third,* Salus and Reiter argue that statements in the plan itself control and subject it to ERISA. Dkt 22 at 6–7. For instance, the plan describes itself as an "employee benefit plan" under ERISA, and states that it "shall be construed and enforced pursuant to federal law under ERISA." Dkt 22-1 at 4–5. But "whether an entity intended ERISA to govern is not relevant; rather 'ERISA protection and coverage turns on whether the [plan] satisfies the statutory definition.'" *Smith v Regional Transit Authority*, 827 F3d 412, 420 (5th Cir 2016) (alteration in original), quoting *Meredith*, 980 F2d at 354; see also *MDPhysicians & Associates, Inc v State Board of Insurance*, 957 F2d 178, 183 n 7 (5th Cir 1992). Other circuits have also concluded that "an employer's mere labeling of a plan" as subject to ERISA doesn't make it so. *McMahon v Digital Equipment Corp*, 162 F3d 28, 38 (1st Cir 1998); see also *Langley v DaimlerChrysler Corp*, 502 F3d 475, 481 (6th Cir 2007); *Stern v IBM*,

326 F3d 1367, 1374 (11th Cir 2003). As such, the provisions cited by Salus and Reiter are neither pertinent nor dispositive. Indeed, while the plan is labeled as an ERISA plan, that label appears to be completely contrary to law as set out by 29 CFR § 2510.3-3(b).

*Fourth,* Salus and Reiter argue that Juanopulos hasn't "shown that he was the sole employee of J&A." Dkt 22 at 10. They point to a letter by Juanopulos appealing the denial of his claim, which states, "I, John Juanopulos, am the owner operator of J&A Paint and Body Shop in Houston as well as a tow truck operator. For my two businesses I carry a gun with me for my protection and my employee's protection." Dkt 1-3 at ¶ 12 (screenshot of appeal letter). They also point to a witness report from someone designated as a "co-worker" who was present when Juanopulos injured himself. Dkt 22-1 at 7.

Juanopulos pleaded without equivocation in his original complaint that he is the owner and sole employee of J&A Paint and Body Shop. Dkt 1-3 at ¶ 8. Neither the letter nor the witness report is dispositive to the contrary. The report indicates that the witness simply ticked the box for "co-worker," where the only other options were "relative" or "other." Dkt 22-1 at 7. Even as to the more specific phrasing in the letter, Juanopulos submits an uncontradicted affidavit that this person isn't an actual employee of the body shop, but rather best fits legal description as an independent contractor. See Dkt 16-2 at ¶ 10; see also Dkt 16 at 9–10. And Juanopulos provides corroborating evidence, noting that he paid $58.39 per month for his plan solely for his own coverage—which is valued at $58.39 per participant. Dkt 16-2 at ¶ 4. To the extent doubt might exist on this factual issue, it is resolved in favor of remand. See *Acuna*, 200 F3d at 339; Wright & Miller, *Federal Practice & Procedure* § 43.

Juanopulos has established that he is the sole participant in the J&A Paint and Body Shop occupational injury benefit plan. Dkt 1-3 at ¶ 8. There's no compelling argument or evidence to the contrary. The plan at issue thus isn't subject to ERISA. The action must be remanded to state court.

### 4.   Conclusion

The motion by Plaintiff John Juanopulos to remand this action to state court is GRANTED. Dkt 16.

This case is REMANDED to the 269th Judicial District Court of Harris County, Texas.

The Clerk of Court must provide a copy of this order to the District Clerk for Harris County, Texas.

SO ORDERED.

Signed on February 9, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge